IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| DR. AMY DICHIARA | : | |
| | : | |
| Plaintiff, | : | Case No. 2:22-cv-00111-WOB-EBA |
| | : | |
| v. | : | Judge William O. Bertelsman |
| | : | |
| SUMMIT MEDICAL GROUP, INC., et al. | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Come now Defendants, Summit Medical Group, Inc. d/b/a St. Elizabeth Physicians ("SEP"); Saint Elizabeth Medical Center, Inc. d/b/a St. Elizabeth Healthcare ("St. Elizabeth"); Dr. Robert Prichard; and Garren Colvin (collectively referred to as "Defendants"), by and through counsel, and for their Answer to Plaintiff's Complaint, hereby state as follows.

1.      In response to Paragraph 1 of the Complaint, Defendants admit Plaintiff is a licensed physician who practices gastroenterology.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 1 of the Complaint.

2.      In response to Paragraph 2 of the Complaint, Defendants admit SEP is a Kentucky corporation with a principal office in Erlanger, Kentucky.  Defendants further admit SEP is located in this district and division, and that SEP employs certain physicians who provide services at St. Elizabeth facilities.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 2 of the Complaint.

3.      In response to Paragraph 3 of the Complaint, Defendants admit SEP employs more than 500 persons.  The remaining allegations in Paragraph 3 call for legal conclusions to which no

response is required. To the extent further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 3 of the Complaint.

4.      Defendants admit the allegations in Paragraph 4 of the Complaint.

5.      In response to Paragraph 5 of the Complaint, Defendants admit St. Elizabeth employs more than 500 persons.  The remaining allegations in Paragraph 5 call for legal conclusions to which no response is required. To the extent further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 5 of the Complaint.

6.      In response to Paragraph 6 of the Complaint, Defendants admit Dr. Robert Pritchard was SEP's Chief Executive Officer at the time Plaintiff was terminated for cause pursuant to multiple sections of the Employment Agreement Between St. Elizabeth Physicians and Amy J. DiChiara, M.D. (hereinafter, "the Agreement"), due to Plaintiff's unauthorized disclosure of confidential internal communications involving Dr. Pritchard and Mr. Colvin to a third party. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 6 of the Complaint.

7.      Defendants admit the allegations in Paragraph 7 of the Complaint.

8.      Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 8 of the Complaint.

9.      Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 9 of the Complaint.

10.      Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 10 of the Complaint.

11.     In response to Paragraph 11 of the Complaint, Defendants reiterate and reaffirm their responses to Paragraph 1 through 10 as if fully set forth herein.

12.     In response to Paragraph 12 of the Complaint, Defendants admit Plaintiff began employment with SEP as a physician performing gastroenterology services on approximately January 1, 2013, pursuant to the Agreement.  By way of further answer, Defendants state that the document attached as Exhibit 1 to the Complaint speaks for itself.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 12 of the Complaint.

13.     Paragraph 13 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 13 of the Complaint.

14.     In response to Paragraph 14 of the Complaint, Defendants state that Paragraph 10.1 of the Agreement speaks for itself.  Defendants deny Plaintiff's characterization of Paragraph 10.1 and otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 14 of the Complaint.

15.     In response to Paragraph 15 of the Complaint, Defendants state that Paragraph 10.2 of the Agreement speaks for itself.  Defendants deny Plaintiff's characterization of Paragraph 10.2 and otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 15 of the Complaint.

16.     In response to Paragraph 16 of the Complaint, Defendants state that Paragraph 11.1 of the Agreement speaks for itself.  Defendants deny Plaintiff's characterization of Paragraph 11.1 and otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 16 of the Complaint.

17.     In response to Paragraph 17 of the Complaint, Defendants state that Paragraph 11.1 of the Agreement speaks for itself.  Defendants deny Plaintiff's characterization of Paragraph 11.1 and otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 17 of the Complaint.

18.     In response to Paragraph 18 of the Complaint, Defendants state that Paragraph 12 of the Agreement speaks for itself.  Defendants deny Plaintiff's characterization of Paragraph 12 and otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 18 of the Complaint.

19.     In response to Paragraph 19 of the Complaint, Defendants admit the Agreement became effective on January 1, 2013, and that the Agreement was subject to automatic one-year extensions until terminated in accordance with the terms of the Agreement.  By way of further answer, Defendants state that Plaintiff was terminated for cause, via written notice dated October 4, 2021, due to Plaintiff's unauthorized disclosure of confidential internal communications involving Dr. Pritchard and Mr. Colvin to a third party.  (*See* Doc. 1-2)  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 19 of the Complaint.

20.     In response to Paragraph 20 of the Complaint, Defendants deny SEP and St. Elizabeth share common policies, practices, or governance.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 20 of the Complaint.

21.     In response to Paragraph 21 of the Complaint, Defendants admit certain physicians employed by SEP provide services at certain hospital facilities operated by St. Elizabeth.

Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 21 of the Complaint.

22.    In response to Paragraph 22 of the Complaint, Defendants admit St. Elizabeth and SEP informed their employees of respective policies requiring (subject to exemptions for medical or sincerely-held religious reasons) vaccination against COVID-19 on August 5, 2021 (hereinafter, "the Vaccine Mandate").  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 22 of the Complaint.

23.    Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 23 of the Complaint.

24.    Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 24 of the Complaint.

25.    In response to Paragraph 25 of the Complaint, Defendants admit Plaintiff communicated to Dr. Pritchard and Mr. Colvin, via a letter dated August 16, 2021 (which is attached hereto as **Exhibit 1**), the "medical and scientific concerns" Plaintiff had "as a physician" relative to the Vaccine Mandate.  Defendants deny Plaintiff's August 16th letter communicated any religious, moral, or ethical concerns, because the letter stated: "[t]his document is not to be construed to represent my personal, individual beliefs re: personal vaccination."  (Ex. 1, p. 1) Defendants further admit Plaintiff was listed as an apparent signatory to a "Covid Vaccine Mandate Provider Objections" email that was circulated to certain individuals within SEP and St. Elizabeth, including Dr. Pritchard and Mr. Colvin, on August 31, 2021.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 25 of the Complaint.

26.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 26 of the Complaint.

27.     In response to Paragraph 27 of the Complaint, Defendants admit Plaintiff began communicating with Eric Deters, a suspended former attorney who purports to operate on behalf of "Deters Law." (Eric Deters and any unidentified individuals are hereinafter collectively referred to as "Deters Law.") By way of further answer, Defendants became aware of Plaintiff having communicated with Deters Law because confidential, internal written communications, including Plaintiff's August 16th letter and subsequent internal emails between Plaintiff and Dr. Pritchard/Mr. Colvin, were attached as exhibits to a lawsuit filed by Deters Law on September 3, 2021 (which is later defined as "*Beckerich II*"). (The August 16th letter and the internal emails, as they appeared as exhibits to the *Beckerich II* Complaint filed on September 3, are attached hereto as **Exhibits 2** and **3**, respectively.) Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 27 of the Complaint.

28.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 28 of the Complaint.

29.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 29 of the Complaint.

30.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 30 of the Complaint.

31.     In response to Paragraph 31 of the Complaint, Defendants admit Plaintiff provided certain documents to Deters Law, including the internal August 16th letter (Ex. 2) and the internal emails (Ex. 3). Defendants deny those documents related to Plaintiff's rights under Title VII of

6

the Civil Rights Act of 1964 ("Title VII"), and Defendants further deny those documents would have been helpful or useful in prosecuting claims under Title VII, the Americans with Disabilities Act ("ADA"), or KRS Chapter 344. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 31 of the Complaint.

32. Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. In response to Paragraph 34 of the Complaint, Defendants admit that the August 16th letter (Ex. 2) and the internal emails (Ex. 3), which were shared with Deters Law by Plaintiff, related to the concepts of vaccine efficacy and natural immunity. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 34 of the Complaint.

35. Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 35 of the Complaint. By way of further answer, Defendants deny the August 16th letter (Ex. 2) or the internal emails (Ex. 3) relate to the processing of exemption requests based on religious objections or disability contraindications, and Defendants otherwise lack knowledge or information sufficient to determine whether Plaintiff shared with Deters Law any other documents relating to these topics, because Plaintiff refused to produce unredacted copies of Plaintiff's communications with Deters Law and unredacted copies of materials Plaintiff shared with Deters Law.

36. In response to Paragraph 36 of the Complaint, Defendants admit Plaintiff shared with Deters Law the internal communications attached hereto as Exhibits 2 and 3. Defendants

7

deny these internal communications could have been useful in developing claims for punitive damages, for violation of Title VII, for violation of the ADA, or for violation of KRS Chapter 344. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 36 of the Complaint.

37.     In response to Paragraph 37 of the Complaint, Defendants admit Deters Law filed a putative class action lawsuit against St. Elizabeth and SEP in the Boone Circuit Court on August 23, 2021, which was styled *Christy Beckerich, et al. v. Saint Elizabeth Medical Center, Inc., et al.*, Civil Action No. 21-CI-1023 (hereinafter, "*Beckerich I*").  Defendants deny the Complaint in *Beckerich I* asserted claims under the ADA, Title VII, or Chapter 344.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations in Paragraph 38 of the Complaint.  Defendants further deny any implied allegation that Plaintiff was a party to the *Beckerich I* lawsuit or otherwise participated in the filing of the *Beckerich I* lawsuit.

39.     In response to Paragraph 39 of the Complaint, Defendants admit *Beckerich I* was removed to the Eastern District of Kentucky and was thereafter styled *Christy Beckerich, et al. v. Saint Elizabeth Medical Center, Inc., et al.*, 2:21-cv-00100-DLB-EBA.  Defendants further admit *Beckerich I* was voluntarily dismissed, but they deny the voluntary dismissal occurred on August 30, 2021.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 39 of the Complaint.

40.     In response to Paragraph 40 of the Complaint, Defendants admit Deters Law filed another putative class action lawsuit against St. Elizabeth and SEP on September 3, 2021, which was styled *Christy Beckerich, et al. v. Saint Elizabeth Medical Center, Inc., et al.*, 2:21-cv-00105-

DLB-EBA (hereinafter, "*Beckerich II*").  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations in Paragraph 41 of the Complaint.  Defendants further deny any implied allegation that Plaintiff was a party to the *Beckerich II* lawsuit or otherwise participated in the filing of the *Beckerich II* lawsuit, for reasons including that Plaintiff represented as follows in a "Letter of Apology" on September 5, 2021 (which is attached hereto as **Exhibit 4**): "It was never my intent to seek litigation against St. Elizabeth Healthcare, and I never asked Deters Law to represent me, nor did I sign any affidavits for Deters Law."  (Ex. 4, p. 3) Plaintiff also represented in the "Letter of Apology" that she did not authorize Deters Law to publicize the private internal communications she shared with Deters Law, and that she did not approve of Deters Law's use of the private internal communications as exhibits to the *Beckerich II* Complaint.  (Ex. 4, p.  2)

42.     In response to Paragraph 42 of the Complaint, Defendants admit the *Beckerich II* Complaint utilized the internal communications attached hereto as Exhibits 2 and 3.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 42 of the Complaint.

43.     In response to Paragraph 43 of the Complaint, Defendants deny that the internal communications attached hereto as Exhibits 2 and 3 refer to or otherwise relate to Title VII. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 43 of the Complaint.

44.     In response to Paragraph 44 of the Complaint, Defendants deny that the internal communications attached hereto as Exhibits 2 and 3 refer to or otherwise relate to the ADA.

Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 44 of the Complaint.

45.     In response to Paragraph 45 of the Complaint, Defendants deny that the internal communications attached hereto as Exhibits 2 and 3 refer to or otherwise relate to KRS Chapter 344 or disability/religious discrimination claims.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 45 of the Complaint.

46.     In response to Paragraph 46 of the Complaint, Defendants admit the *Beckerich II* Complaint asserted claims for alleged violations of the ADA/Rehabilitation Act and Title VII. Defendants deny any implied allegation that these claims had merit and otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 46 of the Complaint.

47.     In response to Paragraph 47 of the Complaint, Defendants admit Dr. Pritchard responded to Plaintiff's "Letter of Apology" by email on September 8, 2021 (which is attached hereto as **Exhibit 5**), in which email Dr. Pritchard stated: "I would like you to send me any and all communications and information you shared with Mr. Deters or anyone associated with Mr. Deters without redactions.  Please send me the documents by end of day this Friday, September 10." Defendants further admit that upon Plaintiff's request for more time to respond to this request, Dr. Pritchard stated, in an email dated September 10, 2021: "Thanks, Amy.  I would like to receive those on Monday."  (Ex. 5)  Defendants deny that Dr. Pritchard or counsel demanded Plaintiff to turn over privileged materials, for reasons including that Mr. Deters is not a licensed attorney and that Plaintiff represented in her "Letter of Apology" that she "never asked Deters Law to represent me[.]"  (Ex. 4, p. 3)  Defendants further deny that Dr. Pritchard or counsel threatened Plaintiff's

employment if she did not turn over privileged documents and communications.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 47 of the Complaint.

48.     In response to Paragraph 48 of the Complaint, Defendants admit Plaintiff submitted a COVID-19 Vaccination Religious Exemption Request on September 13, 2021, which claimed a strongly-held religious belief.  Defendants further admit Plaintiff was informed on September 20, 2021, that her religious exemption request had been granted.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Complaint, including any express or implied allegation that Plaintiff provided documents to Deters Law for the purpose of "aid[ing]" claims under Title VII, the ADA, or KRS 344.  By way of further answer, Defendants state that Plaintiff was terminated because her unauthorized disclosure of private, internal communications with Dr. Pritchard and Mr. Colvin entitled SEP to terminate Plaintiff for cause pursuant to the following provisions of the Agreement: Paragraph 10.2(h), which authorizes termination for cause upon misappropriation of SEP property, including email communications; Paragraph 10.2(m), which authorizes termination for cause upon disruptiveness under the Medical Staff Code of Conduct or upon violation of policies/procedures; Paragraph 10.2(n), which authorizes termination for cause upon disruptive or unprofessional conduct; and Paragraph 10.2(q), which authorizes termination for cause upon breach of the duty of loyalty owed to SEP. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 49 of the Complaint.

50.     In response to Paragraph 50 of the Complaint, Defendants admit Plaintiff's employment with SEP was terminated by a letter from Dr. Pritchard dated October 4, 2021. Defendants deny the termination occurred "mere days after" Plaintiff's religious exemption was granted, and Defendants further deny any implied allegation that Plaintiff's religious exemption was a motivating factor in Plaintiff's termination.   Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 50 of the Complaint.

51.     Defendants admit the allegations in Paragraph 51 of the Complaint.

52.     In response to Paragraph 52 of the Complaint, Defendants state that the termination letter attached to the Complaint speaks for itself.  Defendants deny Plaintiff's characterization of the termination letter as a "startling admission of illegality," and Defendants deny the termination letter states Plaintiff was being terminated for providing information to Deters Law in furtherance of that firm's pursuit of Title VII or ADA claims.  Defendants further deny any implied allegation that Plaintiff provided information to Deters Law for the purpose of furthering Title VII or ADA claims.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 52 of the Complaint.

53.     In response to 53 of the Complaint, Defendants admit the termination letter represented a termination for cause under various subsections of Paragraph 10.2 of the Agreement. Defendants further admit that such a termination for cause triggers the non-compete provision in Paragraph 11.1 of the Agreement.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 53 of the Complaint.

54.     In response to Paragraph 54 of the Complaint, Defendants admit Plaintiff, through counsel, sent a letter to Defendants' counsel on November 17, 2021, which letter related to the

non-compete provision, among other things.  Defendants deny Plaintiff's characterization of the letter and further deny Plaintiff's characterization of Defendants' response.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 54 of the Complaint.

55.     In response to Paragraph 55 of the Complaint, Defendants admit Plaintiff submitted a Charge of Discrimination to the United States Equal Employment Opportunity Commission ("EEOC").  Defendants state that the document attached to the Complaint as Exhibit 3 speaks for itself, and Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 55 of the Complaint.

56.     In response to Paragraph 56 of the Complaint, Defendants admit the EEOC issued a Dismissal and Notice of Rights on August 18, 2022.  Defendants state that the document attached to the Complaint as Exhibit 4 speaks for itself, and Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 56 of the Complaint.

57.     In response to Paragraph 57 of the Complaint, Defendants reiterate and reaffirm their answers and responses to Paragraphs 1 through 56 as if fully set forth herein.

58.     Defendants deny the allegations in Paragraph 58 of the Complaint.

59.     In response to Paragraph 59 of the Complaint, Defendants state that the statute speaks for itself.  Defendants deny any implied allegations that Plaintiff was discriminated against; that Plaintiff opposed an unlawful employment practice; or that Plaintiff made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 59 of the Complaint.

60.     In response to Paragraph 60 of the Complaint, Defendants state that the statute speaks for itself.  Defendants deny any implied allegations that Plaintiff was discriminated against; that Plaintiff opposed an unlawful employment practice; or that Plaintiff made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 60 of the Complaint.

61.     In response to Paragraph 61 of the Complaint, Defendants state that the statute speaks for itself.  Defendants deny any implied allegations that Plaintiff was coerced, intimidated, or threatened in any manner.  Defendants further deny any implied allegations that Plaintiff's exercise or enjoyment of any rights were interfered with.  Defendants further deny any implied allegations that Plaintiff aided or encouraged any other individual in the exercise or enjoyment of rights.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations in Paragraph 68 of the Complaint.

69.     In response to Paragraph 69 of the Complaint, Defendants reiterate and reaffirm their answers and responses to Paragraphs 1 through 68 as if fully set forth herein.

70.     In response to Paragraph 70 of the Complaint, Defendants state that the statute speaks for itself.  Defendants deny any implied allegations that Plaintiff was retaliated against or discriminated against; that Plaintiff opposed an unlawful practice; or that Plaintiff made a charge, filed a complaint, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations in Paragraph 74 of the Complaint.

75.     In response to Paragraph 75 of the Complaint, Defendants reiterate and reaffirm their answers and responses to Paragraphs 1 through 74 as if fully set forth herein.

76.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 76 of the Complaint.

77.     In response to Paragraph 77 of the Complaint, Defendants admit Plaintiff submitted a COVID-19 Vaccination Religious Exemption Request on September 13, 2021.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 77 of the Complaint.

78.     In response to Paragraph 78 of the Complaint, Defendants admit Plaintiff's religious exemption request was granted.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 78 of the Complaint.

79.     In response to Paragraph 79 of the Complaint, Defendants admit Plaintiff was informed on September 20, 2021, that her religious exemption request had been granted. Defendants deny any implied allegation that Plaintiff's religious exemption was withdrawn, or that Plaintiff's religious exemption was a motivating factor in Plaintiff's termination.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 79 of the Complaint.

80.     In response to Paragraph 80 of the Complaint, Defendants admit Plaintiff's employment with SEP was terminated for cause on October 4, 2021.  Defendants deny the termination was "less than three weeks from Plaintiff's request for an accommodation," and Defendants further deny any implied allegation that Plaintiff's religious exemption was a motivating factor in Plaintiff's termination.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 80 of the Complaint.

81.     In response to Paragraph 81 of the Complaint, Defendants state that the statute speaks for itself.  Defendants deny any implied allegation that Plaintiff was discharged or discriminated against because of her religion.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 81 of the Complaint.

82.     In response to Paragraph 82 of the Complaint, Defendants state that the statute speaks for itself.  Defendants deny any implied allegation that Plaintiff's religion was a motivating factor in Plaintiff's termination, and Defendants further deny any implied allegation that Plaintiff's termination violated the statute.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 82 of the Complaint.

83.     In response to Paragraph 83 of the Complaint, Defendants state that the statute speaks for itself.  Defendants deny any implied allegation that Plaintiff's termination violated the statute and otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations in Paragraph 86 of the Complaint.

87.     In response to Paragraph 87 of the Complaint, Defendants reiterate and reaffirm their answers and responses to Paragraphs 1 through 86 as if fully set forth herein.

88.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 88 of the Complaint.

89.     In response to Paragraph 89 of the Complaint, Defendants state that the rule of evidence speaks for itself.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations in Paragraph 94 of the Complaint.

95.     Defendants deny the allegations in Paragraph 95 of the Complaint.

96.     In response to Paragraph 96 of the Complaint, Defendants reiterate and reaffirm their answers and responses to Paragraphs 1 through 95 as if fully set forth herein.

97.     Defendants deny the allegations in Paragraph 97 of the Complaint.

98.     Defendants deny the allegations in Paragraph 98 of the Complaint.

99.     Defendants deny the allegations in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations in Paragraph 100 of the Complaint.

101.    All allegations of the Complaint not specifically addressed above are hereby expressly denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

### FIRST DEFENSE

102.    The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

103.    Plaintiff's damages, if any, were caused, in whole or in part, by the acts or omissions of Plaintiff and/or those under Plaintiff's control.

### THIRD DEFENSE

104.    Any damages sustained by Plaintiff were caused by the unforeseeable, intervening, and/or superseding acts of persons or entities other than Defendants over whom Defendants had no control or duty to control and for which causes and for whose acts Defendants are not liable.

### FOURTH DEFENSE

105.    Plaintiff's claims are barred, in whole or in part, under the doctrines of accord and satisfaction, assumption of risk, contributory negligence, estoppel, failure of consideration, license, payment, unclean hands, ratification, consent, acquiescence, release and/or waiver.

### FIFTH DEFENSE

106.    To the extent Plaintiff has been damaged, which Defendants deny, Plaintiff has failed to mitigate her damages.

### SIXTH DEFENSE

107.    Plaintiff's claims are barred by insufficiency of process.

## SEVENTH DEFENSE

108.    Plaintiff's claims are barred by insufficiency of service of process.

## EIGHTH DEFENSE

109.    The imposition of punitive damages against Defendants would not be consistent with KRS 411.184 and 411.186 and Kentucky case law and would violate the United States Constitution and the Kentucky Constitution.

## NINTH DEFENSE

110.    Defendants plead the doctrine of comparative fault.

## TENTH DEFENSE

111.    Plaintiff lacks standing and/or is not the real party in interest.

## ELEVENTH DEFENSE

112.    Plaintiff has failed to join indispensable parties who are necessary and indispensable for full and complete resolution of Plaintiff's alleged claims.

## TWELFTH DEFENSE

113.    Plaintiff has failed to exhaust administrative remedies with respect to the claims alleged in the Complaint.

## THIRTEENTH DEFENSE

114.    Defendants' actions were, at all relevant times, entirely appropriate and in full compliance with any and all applicable laws, statutes, regulations, and industry standards.

## FOURTEENTH DEFENSE

115.    Any claims for damages or other monetary recovery by Plaintiff must be offset and reduced by any and all amounts Plaintiff owes any Defendant.

## FIFTEENTH DEFENSE

116.    Plaintiff's claims are time-barred by the applicable statute of limitations.

## SIXTEENTH DEFENSE

117.    Plaintiff's claims are barred because she has not suffered any harm or damages.

## SEVENTEENTH DEFENSE

118.    Plaintiff is barred from any recovery because there is no factual, legal, or proximate causal connection between the damages and/or injuries alleged in the Complaint, if any, and any act or omission of Defendants.

## EIGHTEENTH DEFENSE

119.    Plaintiff's claims are barred in this forum by the arbitration provision set forth in the Agreement, under which Defendants reserve the right to compel arbitration of this matter.

## NINETEENTH DEFENSE

120.    None of Defendants' allegedly wrongful conduct was intentional or grossly negligent, and none of Defendants' conduct rises to the level of a substantial wrong.

## TWENTIETH DEFENSE

121.    Plaintiff consented to all of the allegedly wrongful conduct, acts, and/or practices of Defendants.

## TWENTY-FIRST DEFENSE

122.    All of Defendants' allegedly wrongful conduct, acts, and/or practices were privileged.

## TWENTY-SECOND DEFENSE

123.    Plaintiff's Complaint does not comply with Fed. R. Civ. P. 8(a).

## TWENTY-THIRD DEFENSE

124.    Plaintiff's Complaint is so vague and/or ambiguous that Defendants cannot reasonably prepare a response under Fed. R. Civ. P. 12(e).

## TWENTY-FOURTH DEFENSE

125.    Plaintiff's Complaint contains matters which are redundant, immaterial, impertinent, and/or scandalous and which must be stricken pursuant to Fed. R. Civ. P. 12(f).

## TWENTY-FIFTH DEFENSE

126.    Plaintiff's claims are barred by the doctrine of after-acquired evidence.

## TWENTY-SIXTH DEFENSE

127.    Plaintiff's civil conspiracy theory is barred by the intra-corporate conspiracy doctrine.

## TWENTY-SEVENTH DEFENSE

128.    The employment relationship between Plaintiff and SEP was governed by the Agreement, and Plaintiff's employment was terminated for cause under multiple provisions of the Agreement.

## TWENTY-EIGHTH DEFENSE

129.    All of Defendants' allegedly wrongful conduct, acts, and/or practices were taken in good faith and were motivated solely by lawful, legitimate, non-discriminatory, and non-retaliatory business reasons.

## TWENTY-NINTH DEFENSE

130.    Plaintiff did not engage in any protected activity, for reasons including that none of the documents she shared with Deters Law related to Title VII, the ADA, KRS Chapter 344, or any rights provided thereunder.

## THIRTIETH DEFENSE

131.    To the extent Plaintiff engaged in a protected activity, which is denied, Defendants had no knowledge of such activity, and thus there is no causal connection between the alleged protected activity and the termination of Plaintiff's employment for multiple violations of the Agreement.

## THIRTY-FIRST DEFENSE

132.    Defendants did not discriminate or retaliate against Plaintiff in any respect; Defendants did not fail to accommodate Plaintiff in any respect; Defendants did not deny Plaintiff any rights under any law, including but not limited to, Title VII, the ADA, or KRS Chapter 344; Defendants did not oppose any practice made an unlawful employment practice under Title VII, the ADA, or KRS Chapter 344; Plaintiff did not assist or participate in any manner in an investigation, proceeding, or hearing; and Plaintiff did not aid or encourage other individuals in the exercise or enjoyment of any right granted or protected by Title VII, the ADA, or KRS Chapter 344.

## THIRTY-SECOND DEFENSE

133.    Plaintiff's request for a religious exemption to the Vaccine Mandate was granted, and neither Plaintiff's exemption nor her religious beliefs were a motivating factor in Plaintiff's termination for multiple violations of the Agreement.

## THIRTY-THIRD DEFENSE

134.    Plaintiff was not treated differently than any similarly situated employee on the basis of her religion or on any other basis, and Plaintiff's religion was not a factor in the decision to terminate the Agreement.

## THIRTY-FOURTH DEFENSE

135.    Plaintiff never complained about alleged discrimination or any alleged discriminatory practice in the processing of exemption requests to the Vaccine Mandate.

### THIRTY-FIFTH DEFENSE

136.    Plaintiff's Count IV fails because a non-obligatory rule of evidence regarding a waivable privilege cannot support a claim for discharge that is contrary to a fundamental and well-defined public policy evidenced by a constitutional or statutory provision.

### THIRTY-SIXTH DEFENSE

137.    Plaintiff's communications with Eric Deters, a non-attorney, were not privileged.

### THIRTY-SEVENTH DEFENSE

138.    Plaintiff's employment was not threatened, nor was Plaintiff's employment terminated, on account of Plaintiff's refusal to produce communications with Deters Law.

### THIRTY-EIGHTH DEFENSE

139.    The non-compete provision in the Agreement is reasonable and enforceable.

### THIRTY-NINTH DEFENSE

140.    Plaintiff's for-cause termination triggered the non-compete provision in the Agreement.

### FORTIETH DEFENSE

141.    Defendants reserve the right to plead any additional defenses, including affirmative defenses, as they become revealed through the course of discovery at any time including through trial.

**WHEREFORE** Defendants, Summit Medical Group, Inc. d/b/a St. Elizabeth Physicians; Saint Elizabeth Medical Center, Inc. d/b/a St. Elizabeth Healthcare; Dr. Robert Prichard; and Garren Colvin respectfully request:

1.     that Plaintiff's Complaint against them be dismissed with prejudice and held for

naught;

2.     recovery of their costs herein expended and recovery of their reasonable attorney

fees; and

3.     any other relief to which Defendants may be entitled.

Respectfully submitted,

/s/ Mark D. Guilfoyle
Mark D. Guilfoyle (KBA #27625)
Nicholas C. Birkenhauer (KBA #91901)
Michael J. Enzweiler (KBA #96989)
DRESSMAN BENZINGER LAVELLE PSC
109 East Fourth Street
Covington, Kentucky 41011
mguilfoyle@dbllaw.com
nbirkenhauer@dbllaw.com
menzweiler@dbllaw.com
(859) 341-1881 (T)
(859) 341-1469 (F)
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on the 26th day of September 2022, the foregoing Answer was filed with the Court's electronic filing system and served via regular mail and electronic mail upon the following:

Christopher Wiest, Esq.                          Thomas B. Bruns, Esq.
CHRIS WIEST, ATTY AT LAW, PLLC                   BRUNS, CONNELL, VOLLMER, ARMSTRONG
25 Town Center Blvd., Suite 104                  4555 Lake Forrest Drive, Suite 330
Crestview Hills, Kentucky 41017                  Cincinnati, Ohio 45242
(513) 257-1895 (T)                               (513) 312-9890 (T)
(859) 495-0803 (F)                               tbruns@bcvalaw.com
chris@cwiestlaw.com                              *Counsel for Plaintiff*
*Counsel for Plaintiff*

/s/ Mark D. Guilfoyle
Mark D. Guilfoyle (KBA #27625)