IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF KENTUCKY – At Covington

| | | |
|---|---|---|
| **Dr. AMY DICHIARA** | : | Case No. 2:22-cv-00111 |
| Plaintiff | : | |
| v. | : | |
| **SUMMIT MEDICAL GROUP, INC., et. al.** | : | |
| Defendants | : | |

## PLAINTIFF'S MOTION TO AMEND WITH DECLARATION OF CHRISTOPHER WIEST, ESQ.

Plaintiff, by and through counsel moves to amend its complaint in this matter. The grounds for this amendment are the discovery of new evidence, unavailable to the Plaintiff, discovered by and through three recent depositions (namely the FRCP 30(b)(6) deposition of Defendant Summit Medical Group, Inc., the deposition of Garren Colvin, and the deposition of Dr. Robert Prichard), which demonstrates additional causes of action against the Defendants are appropriate. A Memorandum in Support is attached. So is a tendered Amended Complaint (see Exhibit 1 hereto). So is a proposed order.

    Respectfully submitted,

    /s/ Christopher Wiest_____
    Christopher Wiest (KBA 90725)
    Chris Wiest, Atty at Law, PLLC
    25 Town Center Blvd, Suite 104
    Crestview Hills, KY 41017
    513/257-1895 (v)
    859/495-0803 (f)
    chris@cwiestlaw.com

    /s/ Thomas B. Bruns_____
    Thomas B. Bruns (KBA 84985)
    Bruns, Connell, Vollmer, Armstrong
    4555 Lake Forrest Dr., Ste. 330
    Cincinnati, OH 45242

513-312-9890(v)<br>
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon all Counsel of record, this 8 day of September, 2023.

/s/ Christopher Wiest_____<br>
Christopher Wiest (KBA 90725)

## MEMORANDUM IN SUPPORT

I.   FACTS

1. <u>Procedural history and case background</u>

This case began with the termination of the employment of Plaintiff, Dr. Amy DiChiara, on the basis of providing information to a law firm, which sued Summit Medical Group, Inc. d/b/a Saint Elizabeth Physicians ("SEP"), as well as Saint Elizabeth Healthcare, Inc. ("SEH"), for, among other things, violations of Title VII and the ADA.  (Pl's Compl., Doc. 1, Doc. 1-1, Doc. 1-2).

The initial claims were for (i) Title VII retaliation as to SEP, (ii) ADA retaliation as to SEP, SEH, Dr. Robert Prichard (the SEP CEO) and Mr. Garren Colvin (the SEH CEO), (iii) a KRS 344 claim, (iv) a claim for discharge in violation of public policy (part of the basis of the termination was the demand that Dr. DiChiara waive her attorney-client privilege or "else" – and the else was her firing), and (v) declaratory relief under Dr. DiChiara's employment agreement. (Pl's Compl., Doc. 1, Doc. 1-1, Doc. 1-3).

What was not apparent, at the time of the filing of the Complaint, was the interactions between the SEP CEO and the SEH CEO, the ability or control of SEH and SEP, the relationship between SEH and SEP, and the interactions between Mr. Colvin and Dr. Prichard concerning the

2

termination of Dr. DiChiara's employment. (Declaration Wiest). Said another way, who did what, and who had the right to do what, was unknown to Plaintiff, or her counsel. *Id.*

Plaintiff exercised diligence in her prosecution of this case: she propounded written discovery on November 17, 2022, within a few weeks of the entry of the scheduling order in this matter. (Declaration Wiest). As a matter of professional courtesy, and at Defendant's request, the Plaintiff granted the Defendants until January 27, 2023 to provide written discovery responses. *Id.* And the parties cooperated and entered a protective order in January, 2023. *Id.* Counsel also worked cooperatively through some deficiency issues in February/March/April, 2023 relative to written discovery. *Id.* The parties exchanged written discovery, including thousands of pages of documents, from approximately January, 2023 through April, 2023. (Declaration Wiest). By May, 2023, Plaintiff sought to take depositions of critical witnesses, including Dr. Prichard, who had since retired and moved out of state, Mr. Colvin, as well as corporate representatives. *Id.* Dr. Prichard was not available for deposition until August 4, 2023, Mr. Colvin not until August 29, 2023, and the corporate representative of SEP not available until September 8, 2023. *Id.*

Plaintiff initially agreed to an amendment date in the scheduling order of March 3, 2023, at the inception of the case, because we believed it knew everything we needed to know to assert appropriate claims or would know it by that date. *Id.* It was not until the depositions of Dr. Prichard, Mr. Colvin, and the SEP FRCP 30(b)(6) deposition that counsel had sufficient information to amend the complaint. *Id.* The amendment does not add parties but does add claims, and was made on the same date as the SEP FRCP 30(b)(6) deposition. *Id.*

The amended and additional claims (the breach of contract against SEP, the tortious interference claim against Mr. Colvin and SHE, and the Title VII retaliation claim against SEH)

3

provide as evidentiary support the information learned in the depositions of Dr. Prichard, Mr. Colvin, and the SEP representative. *Id.*

We have tendered an amended Complaint. All of them state a claim under federal or Kentucky law. And all of them rely upon the foregoing depositions.

## II.    LAW AND ARGUMENT

### A.  Standard

FRCP 15(a)(2) provides for the amendment of pleadings. It provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *See also Morse v. McWhorter*, 290 F.3d 795, 799-800 (6th Cir. 2002) ("Generally, leave to amend is 'freely given when justice so requires.'"). Cases examining this issue have a default of granting leave, unless there is a valid reason not to. Amendments of complaints should be freely granted under Rule 15, Federal Rules of Civil Procedure, in the absence of undue delay, prejudice, futility or other compelling reason. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). And such a motion to amend may also be used to seek permission to amend a complaint so it can state an alternative theory of recovery. *Brown v. Wilson*, 1985 U.S. App. LEXIS 14035 (6th Cir. 1985) *citing Foman*, 371 U.S. at 182.

When considering a motion for leave to amend under Federal Rule of Civil Procedure 15, leave "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 519 (6th Cir. 2001).

When it comes to undue delay, delay alone is *not* sufficient grounds to deny a Motion to Amend. *Moore v. Paducah*, 790 F.2d 557 (6th Cir. 1986). *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 641 (6th Cir. 2018). But, here, the new claims are solely predicated upon testimony that when Defendants issued and bound the policy in question, they knew it would not

4

and could not provide any coverage, yet issued a policy of insurance that indicated it had coverage. And Plaintiff had no evidence that this was the case until the deposition occurred. Plainly, the timing here was solely driven by the newly discovered evidence.

Typically, on the prejudice prong, courts examine whether discovery has been completed – here, it has not been completed, and approximately two months remain (and we would not object to any extension Defendants may wish). (Declaration Wiest). Defendants cannot identify any prejudice. Nor is the fact that the time for amendment under the scheduling order prejudice. To the extent that early deadline has lapsed, FRCP 16(b)(4) permits modification of a scheduling order for good cause. If a plaintiff seeks leave to amend after the pleadings deadline, then the plaintiff must show "good cause" for not seeking leave earlier as required by Federal Rule of Civil Procedure 16(b)(4). *Inge v. Rock Fin. Grp.*, 281 F.3d 613, 625 (6th Cir. 2002). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Id.* *Inge* involved the reversal of a district court that did not permit modification of a scheduling order to amend a pleading, because the issue that prompted the amendment occurred later. *Id.* Here, and as Mr. Wiest's declaration evinces, the Plaintiff exercised diligence, but discovered only during the depositions of Dr. Prichard, Mr. Colvin, and the SEP FRCP 30(b)(6) deposition the facts that gave rise to the amendment.

Finally, futility prong is met only when the complaint as amended would not survive a motion to dismiss. *See Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 574 (6th Cir. 2010). Plainly, here, it does. Plaintiff has adequately plead their additional claims, and has adequately plead facts, in detail, that demonstrate the viability of these claims, all supported by the foregoing deposition testimony of the Defendants.

The Motion to Amend should, therefore, be granted.

## II.     CONCLUSION

The foregoing Motion to Amend the Complaint should, therefore, be granted.

Respectfully submitted,

/s/ Christopher Wiest_____
Christopher Wiest (KBA 90725)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
513/257-1895 (v)
859/495-0803 (f)
chris@cwiestlaw.com

/s/ Thomas B. Bruns_____
Thomas B. Bruns (KBA 84985)
Bruns, Connell, Vollmer, Armstrong
4555 Lake Forrest Dr., Ste. 330
Cincinnati, OH 45242
513-312-9890(v)
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon all Counsel of record, this 8 day of September, 2023.

/s/ Christopher Wiest_____
Christopher Wiest (KBA 90725)
