IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY – At Covington

| | | |
|---|---|---|
| **Dr. AMY DICHIARA** | : | Case No. 2:22-cv-00111 |
| Plaintiff | : | |
| v. | : | |
| **SUMMIT MEDICAL GROUP, INC., et. al.** | : | |
| Defendants | : | |

### DECLARATION OF CHRISTOPHER WIEST

Pursuant to 28 U.S.C. §1746, the undersigned, Christopher Wiest, makes the following declaration, under penalty of perjury under the laws of the United States of America, that the facts contained herein are true and correct to the best of my knowledge and belief and that such facts are made based on my personal knowledge:

1. My name is Christopher Wiest, and I am one of the counsel for Plaintiff.

2. This case began with the termination of the employment of Plaintiff, Dr. Amy DiChiara, on the basis of providing information to a law firm, which sued Summit Medical Group, Inc. d/b/a Saint Elizabeth Physicians ("SEP"), as well as Saint Elizabeth Healthcare, Inc. ("SEH"), for, among other things, violations of Title VII and the ADA.  (Pl's Compl., Doc. 1, Doc. 1-1, Doc. 1-2).

3. The initial claims were for (i) Title VII retaliation as to SEP, (ii) ADA retaliation as to SEP, SEH, Dr. Robert Prichard (the SEP CEO) and Mr. Garren Colvin (the SEH CEO), (iii) a KRS 344 claim, (iv) a claim for discharge in violation of public policy (part of the basis of the termination was the demand that Dr. DiChiara waive her attorney-client privilege or "else" – and the else was her firing), and (v) declaratory

1

relief under Dr. DiChiara's employment agreement. (Pl's Compl., Doc. 1, Doc. 1-1, Doc. 1-3).

4. What was not apparent, at the time of the filing of the Complaint, or my client, were the interactions between the SEP CEO and the SEH CEO, the ability or control of SEH and SEP, the relationship between SEH and SEP, and the interactions between Mr. Colvin and Dr. Prichard concerning the termination of Dr. DiChiara's employment. Said another way, who did what, and who had the right to do what, was unknown to Plaintiff, or her counsel.

5. Plaintiff exercised diligence in her prosecution of this case: she propounded written discovery on November 17, 2022, within a few weeks of the entry of the scheduling order in this matter.

6. As a matter of professional courtesy, and at Defendant's request, the Plaintiff granted the Defendants until January 27, 2023 to provide written discovery responses.

7. And the parties cooperated and entered a protective order in January, 2023.

8. Counsel also worked cooperatively through some deficiency issues in February/March/April, 2023 relative to written discovery.

9. The parties exchanged written discovery, including thousands of pages of documents, from approximately January, 2023 through April, 2023.

10. By May, 2023, Plaintiff sought to take depositions of critical witnesses, including Dr. Prichard, who had since retired and moved out of state, Mr. Colvin, as well as corporate representatives.

11. Dr. Prichard was not available for deposition until August 4, 2023, Mr. Colvin not until August 29, 2023, and the corporate representative of SEP not available until September 8, 2023.

12. Plaintiff initially agreed to an amendment date in the scheduling order of March 3, 2023, at the inception of the case, because we believed we knew everything it needed to know to assert appropriate claims.

13. It was not until the depositions of Dr. Prichard, Mr. Colvin, and the SEP FRCP 30(b)(6) deposition that counsel had sufficient information to amend the complaint.

14. The amendment does not add parties but does add claims, and was made on the same date as the SEP FRCP 30(b)(6) deposition.

15. The amended and additional claims (the breach of contract against SEP, the tortious interference claim against Mr. Colvin and SEH, and the Title VII retaliation claim against SEH) provide as evidentiary support the information learned in the depositions of Dr. Prichard, Mr. Colvin, and the SEP representative.

Pursuant to 28 U.S.C. §1746, I declare under penalties of perjury under the laws of the United States of America that the foregoing Declaration is true and correct to the best of my knowledge and belief and that such facts are made based on my personal knowledge.

Executed on 9/8/2023.                          _____
                                                                Christopher Wiest