IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| DR. AMY DICHIARA | : | |
| Plaintiff, | : | Case No. 2:22-cv-00111-DLB-EBA |
| v. | : | Judge David L. Bunning |
| SUMMIT MEDICAL GROUP, INC., et al. | : | |
| Defendants. | : | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO AMEND

Approximately six months after the deadline to amend the pleadings in this matter passed, Plaintiff filed a Motion to Amend her Complaint in an attempt to bring additional claims against Defendants Garren Colvin and St. Elizabeth Healthcare.  (*See* DN 25, Page ID#: 232-236).  To prop up her request, Plaintiff asserts, "[t]he grounds for this amendment are the discovery of new evidence, unavailable to the Plaintiff, discovered by and through three recent depositions. . ."  (*Id.* at Page ID#: 231).  But this is disproven by even a cursory review of the record in this case, most notably Plaintiff's original Complaint, which contains substantially similar factual allegations as the new claims in the proposed Amended Complaint.  Plaintiff would not rely on such similar material facts for both her initial Complaint, and her tendered Amended Complaint, if those facts were truly the product of recently discovered new evidence.  Plaintiff thus fails to present the requisite good cause required to grant the Motion.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Dr. Amy DiChiara, initiated this action on August 29, 2022 against Defendants Summit Medical Group, Inc. d/b/a St. Elizabeth Physicians ("SEP"), St. Elizabeth Medical Center, Inc. ("St. Elizabeth"), SEP's former CEO Dr. Robert Prichard, and St. Elizabeth's CEO Garren

Colvin.  (*See generally* DN 1, Page ID#: 1-18).  Dr. DiChiara is a former employee of SEP.  (*Id*. at Page ID#: 3).  She admits in her Complaint that she disseminated confidential, internal written communications relating to policies of the corporate Defendants to a law firm that previously sued some or all of the Defendants and that "was potentially going to pursue [another] lawsuit" against them.  (*Id*. at Page ID#: 5; *see also* Defendants' Answer to Plaintiff's Complaint, DN 8, Page ID#: 95).  The unauthorized dissemination of this internal confidential information constituted multiple violations of her employment contract with SEP, and ultimately led to her termination from SEP. (*See generally* DN 1, Page ID#: 9).

      Dr. DiChiara's August 2022 Complaint alleges Title VII retaliation against SEP and ADA retaliation against all named Defendants (*Id*. at Page ID#: 10-12); KRS Chapter 344 retaliation and conspiracy against all Defendants (*Id*. at Page ID#: 12-13); a claim for failure to accommodate her religious beliefs against SEP (*Id*. at Page ID#: 13-15); a claim for discharge against public policy against all Defendants (*Id*. at Page ID#: 15-16); and a request for declaratory relief against SEP regarding the enforceability and applicability of provisions of the non-compete in her employment agreement.  (*Id*. at Page ID# 16-17).  In the more than one year since Dr. DiChiara made those claims, the parties have engaged in extensive discovery, including exchanging written material as well as depositions of Defendants Colvin and Dr. Prichard and SEP's corporate representative. Dr. DiChiara now wishes to amend her Complaint to include claims for breach of contract against SEP, tortious interference against Defendants Colvin and St. Elizabeth, and Title VII retaliation against St. Elizabeth.  (Plaintiff's Motion to Amend, DN 25, Page ID#:233).

**ARGUMENT**

Granting a party leave to amend the pleadings is within the sound discretion of the trial court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). When, as here, a party seeks to amend their pleadings after the deadline to do so has passed, modification is permitted under Rule 16 if the party seeking it can demonstrate "good cause" for their failure to comply with the original schedule by showing that despite their diligence they could not meet the original deadline. Fed. R. Civ. P. 16, 1983 advisory committee's notes; *See also Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002); *Leary v. Daeschner*, 349 F.3d 888, 907-908 (6th Cir. 2003). Here, the applicable scheduling order entered by the Court stated that "[t]he parties shall file any motion to join parties or amend pleadings by March 3, 2023." (DN 12, Page ID#: 196). Dr. DiChiara cannot provide good cause for the six-month delay to amend her pleadings.

Instead of detailing good cause as she must, Dr. DiChiara offers only a tepid explanation about "new evidence" which is disproven by what the record in this matter demonstrates. Like the party who was denied leave to file a claim in *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 833 (6th Cir. 1999), Dr. DiChiara was "obviously aware of the basis of the claim [they now seek to bring] for many months[,]" but, nonetheless, failed to pursue the claims. *Id*. at 834 (holding that the district court did not abuse its discretion when it denied a party's amendment on the grounds of both undue delay and undue prejudice).

I.   PLAINTIFF LACKS THE REQUISITE "GOOD CAUSE" TO AMEND HER COMPLAINT AFTER THE DEADLINE TO DO SO HAS PASSED.

Defendants, of course, do not dispute that a district court "should freely give leave [to amend the pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when such as here a plaintiff moves to amend the complaint after the deadline established by a scheduling order, the "'plaintiff first must show good cause under Rule 16(b) [of the Federal Rules of Civil

3

Procedure] for failure earlier to seek leave to amend' and the district court must evaluate prejudice to the nonmoving party before 'a court will [even] consider whether amendment is proper under Rule 15(a).'" *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009) (quoting *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)); *See also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). To demonstrate good cause, the plaintiff must show that the original deadline could not reasonably have been met despite due diligence that the opposing party will not suffer prejudice by virtue of the amendment. *Leary*, 349 F.3d at 906. (Emphasis added). Dr. DiChiara cannot make this showing.

In her Motion to Amend, Dr. DiChiara provides her basis to amend her Complaint as being "the discovery of new evidence." (*See* DN 25, Page ID#: 231). But precisely *what* new evidence has been uncovered is conspicuously absent from both her Motion, the Memorandum she provides in support of it, the redundant affidavit provided by counsel, and even the language of her proposed Amended Complaint. (*See generally Id.*, Page ID#: 231-259). While the tendered Amended Complaint contains a reference to deposition testimony, this document is also not instructive on what "new evidence" would permit her to amend her Complaint.

To that end, a comparison of Plaintiff's tendered Amended Complaint with her previously filed Complaint make clear that Dr. DiChiara is now relying on the same material facts she included in her Complaint more than a year ago. Each of the claims she now wishes to add should have been included in her Complaint when it was filed last year or, at minimum, prior to the deadline for amendment of pleadings in March 2023. The Court must look no further than the initial Complaint filed by Dr. DiChiara to reach this conclusion about each claim she now attempts to newly bring.

4

A. The Repackaging of Facts for Plaintiff's New Claims.

Dr. DiChiara claims that "new evidence" should permit her to include a breach of contract claim against SEP. But her 2022 Complaint includes numerous references to both the contract that governed her employment relationship with SEP, as well as her (unfounded) belief that SEP's actions in terminating her were contrary to the terms of that contract. Implicit in these references within the 2022 Complaint is her belief that the terms of her contract with SEP were breached. Why, then, not include the breach of contract claim in the 2022 Complaint?

Early in her 2022 Complaint, Plaintiff writes that she "began employment with Defendant SEP . . . pursuant to a certain written agreement. . . ('the Agreement'). . . Among other things, Paragraph 10.2 of the Agreement contains a provision for immediate termination without cause, but only for the reasons specifically listed in the Agreement." (DN 1, Page ID#: 3, ¶¶12, 15). Later she writes her "termination was not actually for grounds authorized under the Agreement . . . Plaintiff seeks a declaration that her termination, under these circumstances, was not for cause under Paragraph 10 of the Agreement . . ." (*Id*. at Page ID#: 16 ¶97-98).

This fact-pattern in the 2022 Complaint closely resembles that which she now sets out for her breach of contract claim in the Amended Complaint she tenders. In that document, Dr. DiChiara recycles the same allegations, writing "[t]he Agreement was an Agreement by and between Dr. DiChiara and SEP. Defendant SEP's actions in terminating the Agreement, purportedly for cause, when no cause in fact existed, constituted a breach of that Agreement." (Amended Complaint tendered as Exhibit 1 to Plaintiff's Motion to Amend, ¶¶106-107). Dr. DiChiara does not even attempt to distinguish these facts from those she asserted in her original

5

Complaint, and nothing new is referenced as grounds for bringing a claim at this stage that could have been brought more than a year ago.

Similarly, the allegations she now believes would support a new claim of tortious interference against Defendants Colvin and St. Elizabeth also are recycled from her initial 2022 Complaint, in which she wrote that "Defendants Colvin and Prichard met one or more times to discuss the continued employment of the Plaintiff, and both decided, in concert, to unlawfully terminate her employment. . . this termination was at the direction of both Defendants Prichard **and Colvin**." (DN 1, Page ID#: 8-9, ¶¶49-50) (Emphasis added). She goes on to allege in her initial Complaint that "[w]hile Defendants Colvin and St. E[lizabeth] did not employ the Plaintiff . . . they engaged in a corrupt or unlawful combination or agreement. . . to perform an unlawful act." (*Id*. at Page ID#: 13, ¶72; *See also* Page ID#:16, ¶93).

Despite writing the foregoing in her 2022 Complaint, Plaintiff now pivots to her proposed new tortious interference claim, asserting that "Colvin, on behalf of himself and [St. Elizabeth Healthcare], took action and made statements to Prichard that did in fact cause a breach of the Agreement by SEP." (Amended Complaint tendered as Exhibit 1 to Plaintiff's Motion to Amend, ¶111). Paradoxically, Dr. DiChiara concedes in the tendered Amended Complaint that "Defendant Colvin testified that he did not have the legal right to directly direct the termination of Dr. DiChiara's employment . . ." (*Id*. at ¶52). This concession cannot plausibly serve as the "new evidence" that Plaintiff references in her Motion. Instead, Dr. DiChiara simply relies on the same facts from her initial Complaint to support the tortious interference claim she now seeks to bring. She does not identify how these facts can or should be distinguished from those previously asserted. Outside of a single reference to testimony that cannot plausibly form the basis of a

6

tortious interference claim, she does not identify the "new evidence" she references in her Motion to support this new claim.

Dr. DiChiara's attempt to repackage facts from her original Complaint to support her tendered Amended Complaint is perhaps most overt with respect to the Title VII retaliation claim she wishes to bring against St. Elizabeth. To achieve this, Dr. DiChiara merely adds St. Elizabeth to the same paragraphs in which she previously alleged Title VII retaliation against SEP. (*Id*. at ¶70). As a justification for doing so, she also summarily states that in addition to being an "employee of SEP," she "was also an employee of [St. Elizabeth Healthcare]. . . because [St. Elizabeth] was a joint employer of the Plaintiff in that its board set [her] compensation. . ." (*Id*. at ¶¶13-14). From there, Dr. DiChiara offers her own contrived explanation of why she was also an employee of St. Elizabeth. Her new position comes in spite of the fact that she has acknowledged throughout this litigation that SEP was her employer vis-a-vis an employment agreement she entered into with that entity. (*See generally* DN 1, Page ID#: 3). Tellingly, she continues to acknowledge that relationship now. (Amended Complaint tendered as Exhibit 1 to Plaintiff's Motion to Amend, ¶12).

Once again, Plaintiff does not distinguish the factual basis for this claim from that which underpinned all claims she previously brought. She does not include references to "newly discovered evidence" to support this claim. Nor does her Motion indicate why this claim was not previously brought against St. Elizabeth in the original Complaint, when the claims alleged against St. Elizabeth in that Complaint were all underpinned by her allegations of St. Elizabeth acting in "concert" with SEP/Dr. Prichard, or "conspiring" with them; i.e., allegations not markedly different – if at all different – than her allegations of "new" evidence to support the current proposed amendment.

7

B. Sixth Circuit Precedent Supports a Denial of Plaintiff's Motion to Amend.

The Sixth Circuit has been clear that a plaintiff does not establish "good cause" to modify a case schedule to extend the deadline to amend the pleadings where she was aware of the facts underlying the proposed amendment to her pleading but failed, without explanation, to move to amend the complaint before the deadline. *See Leary*, 349 F.3d at 908 (observing that the plaintiffs did not demonstrate good cause where they offered no excuse for their delay in seeking monetary damages, but were "obviously aware of the basis of the claim for many months"). As set out above, Dr. DiChiara was aware of the facts she is now using to prop up the new claims she wishes to bring. She alleged the same material facts in her Complaint last year. Consistent with the Sixth Circuit's holding in *Leary*, Plaintiff has failed to establish good cause and her Motion should be denied. The denial of Plaintiff's Motion for failure to establish the required good cause is supported by numerous additional Sixth Circuit holdings.

In *Korn v. Paul Revere Life Ins. Co*., 382 F. App'x 443, 450 (6th Cir. 2010), the court concluded that the plaintiff did not demonstrate good cause where a regulatory settlement agreement was publicly available and the plaintiff was aware of the agreement, but the plaintiff, without explanation, failed to move to amend the complaint to add a claim for breach of the agreement until after the deadline. Similarly, the contract in question here was available to Dr. DiChiara, and she obviously was aware it had been terminated by SEP, but she failed to amend her Complaint to include a breach of contract claim until after the deadline to do so passed.

In *Commerce Benefits Grp., Inc*., 326 F. App'x at 376, the court found that the plaintiff did not demonstrate good cause where it "could not adequately explain its delay in bringing the claims [that it sought to add]" and "the factual basis for the new claims existed at the beginning of the lawsuit"). Similarly, in *Shane v. Bunzl Distribution USA, Inc*., 275 F. App'x 535 (6th Cir.

8

2008), the Court determined the plaintiff did not demonstrate good cause where he knew of the facts underlying his motion to amend the complaint "prior to his motion" and could have pled the allegations he sought to add within the parameters of the court's scheduling order. *Id*. at 537. As demonstrated above, the very same is true here given Dr. DiChiara's continued reliance on the same facts that she utilized a year ago in her original Complaint.

Dr. DiChiara's new claims are not based on actual "new" evidence as she purports. She could have included them in her Complaint in 2022, based on the factual allegations already set forth in that pleading. She didn't do so. Nor did she file a motion to amend prior to the deadline. Based on the foregoing, Dr. DiChiara lacks the "good cause" required to now amend her Complaint. *See Korn*, 382 F. App'x at 449.

## **CONCLUSION**

A cursory comparison of the factual allegations in Plaintiff's original Complaint and her tendered Amended Complaint shows that her proposed new claims are not based on "new" evidence. They are based on the same material allegations she has made in this case from day one. Her Motion to Amend ought to be denied.

              Respectfully submitted,

              /s/ Nicholas C. Birkenhauer
              Mark D. Guilfoyle (KBA #27625)
              Nicholas C. Birkenhauer (KBA 91901)
              Dressman Benzinger LaVelle PSC
              109 East Fourth Street
              Covington, Kentucky 41011
              mguilfoyle@dbllaw.com
              nbirkenhauer@dbllaw.com
              (859) 341-1881 (T)
              *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served this 3rd day of October, 2023, via the Court's electronic filing system, upon the following:

Christopher Wiest
CHRIS WIEST, ATTY AT LAW, PLLC
25 Town Center Blvd., Suite 104
Crestview Hills, KY  41017
chris@cwiestlaw.com

Thomas B. Bruns, Esq.
BRUNS, CONNELL, VOLLMER, ARMSTRONG
4555 Lake Forrest Drive, Suite 330
Cincinnati, Ohio 45242
tbruns@bcvalaw.com

                                         /s/ Nicholas C. Birkenhauer
                                         Nicholas C. Birkenhauer

1285244.3