IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| DR. AMY DICHIARA | : | |
| | : | |
| Plaintiff, | : | Case No. 2:22-cv-00111-DLB-EBA |
| | : | |
| v. | : | Judge David L. Bunning |
| | : | |
| SUMMIT MEDICAL GROUP, INC., et al. | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Come now Defendants, Summit Medical Group, Inc. d/b/a St. Elizabeth Physicians ("SEP"); Saint Elizabeth Medical Center, Inc. d/b/a St. Elizabeth Healthcare ("St. Elizabeth"); Dr. Robert Prichard; and Garren Colvin (collectively referred to as "Defendants"), by and through counsel, and for their Answer to Plaintiff's Amended and Verified Complaint ("Amended Complaint"), hereby state as follows.

As an initial matter, Defendants' answers and responses to the allegations in Plaintiff's initial Complaint, as well as Defendants' affirmative defenses in Defendants' Answer to Plaintiff's initial Complaint, are adopted and incorporated herein by this reference, as if they were fully set forth herein. Defendants' answers and responses to the new allegations contained in Plaintiff's Amended Complaint, as well as Defendants' affirmative defenses relating to same, are set forth hereinafter.

Facts applicable to all claims

14). Plaintiff was also an "employee" of SEH, as that term is defined in 42 U.S.C. 2000e(f), because SEH was a joint employer of the Plaintiff in that its board set Dr. DiChiara's compensation, including: (i) SEP's sole member and owner is SEH; (ii) the SEH CEO (Colvin) maintained control and direction over SEP through direct reserve powers over the SEP CEO's employment, with the ability to direct, control, hire, or terminate the employment of the SEP CEO; (iii) the SEH Board set physician compensation for SEP, including the compensation for Dr.

*DiChiara; (iv) had the ability to direct the employment of Dr. DiChiara by and through the SEP CEO; (v) SEP executives, to include the SEP CEO, CFO, and COO are all actually employed by SEH, ensuring SEH control over SEP; and (vi) SEH maintained reserve powers in the SEP bylaws to permit the SEH Board of Trustees to take action as the sole member over any issue the SEH Board should choose to. Plaintiff was also an employee of SEH, as that term is defined in 42 U.S.C. 2000e(f), because SEH had the ability to significantly affect Dr. DiChiara's access to employment, and the prohibition of being able to perform services in SEH would, under the terms of her employment agreement and SEP policy, result in the termination of any ability to be an employee of SEP.*

**Answer:** Paragraph 14 of the Amended Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiff was an employee of SEH. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 14 of the Amended Complaint.

*35). While SEH and SEP indicated that employees could seek vaccine exemptions for medical or religious reasons, there was no indications to Dr. DiChiara, or to anyone she knew, that anyone who had sought such an exemption had been granted one in August, 2021 or prior to September 3, 2021, thus furthering her belief that there were ongoing violations of the ADA and Title VII.*

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 35 of the Amended Complaint.

*38). Other materials consisted of internal communications that could be useful in developing a punitive damage claim against Defendants St. E and/or SEP in a Title VII, ADA, or KRS Chapter 344 claim, or in refuting an undue burden defense to accommodation requests.*

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 38 of the Amended Complaint.

*52). Defendant Colvin testified that he did not have the legal right to directly direct the termination of Dr. DiChiara's employment, yet he also testified that he had the legal obligation to keep his subordinate, Dr. Prichard, from violating the law.*

**Answer:** In response to Paragraph 52 of the Amended Complaint, Defendants state that Defendant Colvin's testimony speaks for itself. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 52 of the Amended Complaint.

*54).  A true and accurate copy of the Termination Letter is attached as <u>Exhibit 2</u>. Demonstrating that the Termination Letter was the action of both SEH, and SEP, as Dr. Prichard in his capacity as CEO of SEP, was a SEH employed position.*

**Answer:**  In response to Paragraph 54 of the Amended Complaint, Defendants state that the termination letter attached to the Complaint speaks for itself, that Dr. Prichard was CEO of SEP, and that Dr. Prichard was employed by SEH.  Defendants deny the remaining allegations in Paragraph 54 of the Amended Complaint.

*55.)  The Termination Letter is a startling admission of illegality on the part of Defendants Prichard, St. E., SEP, and Colvin. In it, Defendant Prichard admits terminating Plaintiff for providing information to the Deters Firm in furtherance of that firm's pursuit of Title VII and ADA claims. Specifically, Defendant Prichard wrote:*

*By disclosing internal emails between us and between you and Garren Colvin to an outside third party without consent or authorization, which emails are the property of SEP, you misappropriated SEP property.*
*...*
*Your unauthorized disclosure of the subject emails to a law office which already had sued SEP and which was actively preparing to sue SEP again, and **which emails related to the subject matter of the lawsuits**, constituted disruptive and unprofessional conduct on your part*

**Answer:**  In response to Paragraph 55 of the Amended Complaint, Defendants state that the termination letter attached to the Complaint speaks for itself.  Defendants deny Plaintiff's characterization of the termination letter as a "startling admission of illegality," and Defendants deny the termination letter states Plaintiff was being terminated for providing information to Deters Law in furtherance of that firm's pursuit of Title VII or ADA claims.  Defendants further deny any implied allegation that Plaintiff provided information to Deters Law for the purpose of furthering Title VII or ADA claims.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 55 of the Amended Complaint.

*57).  SEP officials testified that, notwithstanding any other provisions of the Agreement, the Agreement had to be interpreted in accordance with federal or state law, which would override any contractual provision, and had to be construed in conjunction with any such provision.*

**Answer:**  In response to Paragraph 57 of the Amended Complaint, Defendants state that

3

the testimony of SEP officials speaks for itself. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 57 of the Amended Complaint

58). *In fact, Dr. DiChiara's actions were protected activity under federal and state law, and her confidential communications to a law firm to obtain legal advice were not a breach of the Agreement.*

    **Answer:** Paragraph 58 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 58 of the Amended Complaint.

59). *As such, SEP breached the Agreement by purporting to terminate her for cause, when it did not have cause.*

    **Answer:** Paragraph 59 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 59 of the Amended Complaint.

60). *SEP physicians, such as Dr. DiChiara, have an ongoing expectancy in renewal of their Agreements, as such renewal is routine unless there are performance issues or patient complaints with a physician, and there were no performance issues or patient complaints for Dr. DiChiara.*

    **Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 60 of the Amended Complaint.

61). *Colvin, on behalf of himself and SEH, had knowledge of the existence of the Agreement; Colvin, on behalf of himself and SEH, intended to cause SEP to breach the Agreement; and Colvin, on behalf of himself and SEH, took action and made statements to Prichard that did in fact cause a breach of the Agreement by SEP. Colvin had no legal privilege or justification to excuse his conduct; to the contrary, he had an obligation to ensure that Prichard followed the law, and the termination of the Agreement was contrary to the law, as set forth herein, including because it constituted Title VII and ADA retaliation. As a consequence of the foregoing, Dr. DiChiara suffered damages as set forth herein.*

    **Answer:** Paragraph 61 calls for multiple legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 61 of

4

the Amended Complaint.

### COUNT I – Title VII and ADA Retaliation

70).  Defendant SEP and SEH violated 42 U.S.C. 2000e-3, by taking adverse action, viz. the termination of the Plaintiff on or about October 4, 2021, after, and as a result of, her: (i) opposing a practice made an unlawful employment practice under Title VII; and (ii) assisting or participating in any manner in an investigation, proceeding, or hearing, under Title VII, including, without limitation, by her actions that preceded Beckerich II, as well as the submission of her request for a religious accommodation to the Vaccine Mandate.

    **Answer:**  Defendants deny the allegations in Paragraph 70 of the Amended Complaint.

73).  Plaintiff has been proximately and actually harmed by the foregoing violations. She has suffered and continues to suffer, among other damages, lost wages and benefits in an amount exceeding $800,000 to the present, will suffer future lost wages, plus ongoing additional damages such as emotional distress to be proven at trial, and such other damages as we may establish at trial.

    **Answer:**  Defendants deny the allegations in Paragraph 73 of the Amended Complaint.

### COUNT II – KRS Chapter 344 Retaliation and Conspiracy (Defendants Prichard, SEP, Colvin, and St. E)

81).  As a result of the foregoing retaliation and conspiracy, adverse action was taken against the Plaintiff, viz. the termination, of the Plaintiff on or about October 4, 2021, which has proximately and actually caused her compensatory damages in excess of $800,000 to the present with additional amounts ongoing, to include amounts for back pay, front pay, lost benefits and emotional distress.

    **Answer:**  Defendants deny the allegations in Paragraph 81 of the Amended Complaint.

### COUNT III – TITLE VII Religious Accommodation Claim (as against SEP only)

89).  Plaintiff was replaced with someone who did not have the same religious objection to the Vaccine Mandate.

    **Answer:**  Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegation in Paragraph 89 of the Amended Complaint.

95).  Pursuant to 42 U.S.C. 2000e-5, as well as 42 U.S.C. § 1981a, Plaintiff brings the foregoing claims, and seeks: (i) compensatory damages which have been proximately caused by these intentional violations, to include amounts for back pay, front pay, lost benefits and emotional distress, all of which were actually and proximately caused by the foregoing violations; (ii) because the foregoing violations were made with malice or with reckless indifference to the

*federally protected rights of Plaintiff, punitive damages as authorized by 42 U.S.C. § 1981a.*

**Answer:** Defendants deny the allegations in Paragraph 95 of the Amended Complaint.

<u>COUNT IV – Discharge Against Public Policy (Defendants Prichard, SEP, Colvin, St. E)</u>

*103). Plaintiff has been proximately and actually harmed by this violation, including lost wages and benefits, in an amount exceeding $800,000 to the present, with ongoing damages, emotional distress to be proven at trial, and such other damages as we may establish at trial. Defendants are liable for these amounts.*

**Answer:** Defendants deny the allegations in Paragraph 103 of the Amended Complaint.

<u>COUNT V – Breach of Contract (as to SEP)</u>

*105). Plaintiff reincorporates the preceding paragraphs as if fully written herein.*

**Answer:** In response to Paragraph 105 of the Amended Complaint, Defendants reiterate and affirm their answers and responses to the preceding paragraphs of the Amended Complaint as if fully set forth herein.

*106). The Agreement was an Agreement by and between Dr. DiChiara and SEP.*

**Answer:** Defendants admit the allegations in Paragraph 106 of the Amended Complaint.

*107). Defendant SEP's actions in terminating the Agreement, purportedly for cause, when no cause in fact existed, constituted a breach of that Agreement.*

**Answer:** Defendants deny the allegations in Paragraph 107 of the Amended Complaint.

*108). Defendant SEP then further breached that Agreement by insisting on performance of the non-competition clause that was only enforceable due to the inappropriately invoked termination for cause, and utilized as a club a penalty provision in Section 11 of the Agreement, that required Dr. DiChiara, who was deprived of her income, to face a penalty of her most recent salary if she competed in the non-competition area.*

**Answer:** Defendants deny the allegations in Paragraph 108 of the Amended Complaint.

*109). Dr. DiChiara suffered damages as a consequence of this breach of contract, in an amount exceeding $800,000, emotional distress to the present, with additional damages ongoing, all to be proven at trial, and such other damages as we may establish at trial.*

**Answer:** Defendants deny the allegations in Paragraph 109 of the Amended Complaint.

COUNT VI – Tortious Interference (as to Colvin and SEH)

*110). Plaintiff reincorporates the preceding paragraphs as if fully written herein.*

**Answer:** In response to Paragraph 110 of the Amended Complaint, Defendants reiterate and affirm their answers and responses to the preceding paragraphs of the Amended Complaint as if fully set forth herein.

*111). Colvin, on behalf of himself and SEH, had knowledge of the existence of the Agreement; Colvin, on behalf of himself and SEH, intended to cause SEP to breach the Agreement; and Colvin, on behalf of himself and SEH, took action and made statements to Prichard that did in fact cause a breach of the Agreement by SEP. Colvin had no legal privilege or justification to excuse his conduct; to the contrary, he had an obligation to ensure that Prichard followed the law, and the termination of the Agreement was contrary to the law, as set forth herein, including because it constituted Title VII and ADA retaliation.*

**Answer:** Defendants deny the allegations in Paragraph 111 of the Amended Complaint.

*112). As a consequence of the foregoing, Dr. DiChiara suffered damages as set forth herein, in an amount exceeding $800,000, emotional distress to the present, with additional damages ongoing, all to be proven at trial, and such other damages as we may establish at trial.*

**Answer:** Defendants deny the allegations in Paragraph 112 of the Amended Complaint.

*113). Defendants' actions also warrant the imposition of punitive damages, as they were predicated and made with malice, fraud, and/or oppression, in an amount to be determined at trial.*

**Answer:** Defendants deny the allegations in Paragraph 113 of the Amended Complaint.

By way of further answer, Defendants state that any allegation contained in the Amended Complaint not specifically referenced hereinabove is hereby expressly denied.

<b><u>FORTY-FIRST DEFENSE</u></b>

1. The imposition of punitive damages against Defendants would not be consistent with KRS 344, *et seq.* and is prohibited under same.

### FORTY-SECOND DEFENSE

2. Plaintiff's termination was not a breach of the agreement because, among other things, Plaintiff's termination was in fact for cause, and Plaintiff has suffered no damages as a result of the alleged breach.

### FORTY-THIRD DEFENSE

3. The noncompetition clause in the agreement was enforceable and reasonable, and, therefore, enforcing the noncompetition clause was not a breach of the agreement.

### FORTY-FOURTH DEFENSE

4. Emotional distress damages are not recoverable in a breach of contract claim.

### FORTY-FIFTH DEFENSE

5. Defendants Colvin and SEH were not parties to the agreement, did not intend to cause a breach of the agreement, any actions taken on their part did not cause a breach of the agreement, and they had no obligation to otherwise prevent the contract from being enforced as written.

### FORTY-SIXTH DEFENSE

6. Plaintiff's tortious interference claim is barred by applicable statutory and common law privileges.

By way of further answer, Defendants reserve the right to plead any additional defenses, including affirmative defenses, as they become revealed through the course of discovery at any time, including through trial.

**WHEREFORE** Defendants, Summit Medical Group, Inc. d/b/a St. Elizabeth Physicians; Saint Elizabeth Medical Center, Inc. d/b/a St. Elizabeth Healthcare; Dr. Robert Prichard; and Garren Colvin respectfully request:

8

1. that Plaintiff's Amended Complaint against them be dismissed with prejudice and held for naught;

2. recovery of their costs herein expended and recovery of their reasonable attorney fees; and

3. any other relief to which Defendants may be entitled.

                    Respectfully submitted,

                    /s/ Nicholas C. Birkenhauer
                    Mark D. Guilfoyle (KBA #27625)
                    Nicholas C. Birkenhauer (KBA #91901)
                    DRESSMAN BENZINGER LAVELLE PSC
                    109 East Fourth Street
                    Covington, Kentucky 41011
                    mguilfoyle@dbllaw.com
                    nbirkenhauer@dbllaw.com
                    (859) 341-1881 (T)
                    *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on the 25th day of October 2023, the foregoing Answer was filed with the Court's electronic filing system, upon the following:

| | |
|---|---|
| Christopher Wiest, Esq.<br>CHRIS WIEST, ATTY AT LAW, PLLC<br>25 Town Center Blvd., Suite 104<br>Crestview Hills, Kentucky 41017<br>(513) 257-1895 (T)<br>(859) 495-0803 (F)<br>chris@cwiestlaw.com<br>*Counsel for Plaintiff* | Thomas B. Bruns, Esq.<br>BRUNS, CONNELL, VOLLMER, ARMSTRONG<br>4555 Lake Forrest Drive, Suite 330<br>Cincinnati, Ohio 45242<br>(513) 312-9890 (T)<br>tbruns@bcvalaw.com<br>*Counsel for Plaintiff* |

                    /s/ Nicholas C. Birkenhauer
                    Nicholas C. Birkenhauer

1307225.1