IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

DR. AMY DICHIARA              :
                              :
        Plaintiff,            :        Case No. 2:22-cv-00111-DLB-EBA
                              :
v.                            :        Judge David L. Bunning
                              :
SUMMIT MEDICAL GROUP, INC., et al.  :
                              :
        Defendants.           :

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
TO EXCLUDE TESTIMONY AND OPINIONS OF ROBB STOKAR, ESQ.**

Come now the Defendants, Summit Medical Group, Inc. d/b/a St. Elizabeth Physicians ("SEP"); Saint Elizabeth Medical Center, Inc. d/b/a St. Elizabeth Healthcare ("St. Elizabeth"); Dr. Robert Prichard; and Garren Colvin (collectively referred to as "Defendants"), and for their Memorandum in Support of their Motion to Exclude Testimony and Opinions of Robb Stokar, Esq., state as follows:

## **INTRODUCTION**

Plaintiff has retained Robb Stokar, Esq., to serve as an expert witness in this case. He is an attorney licensed in Illinois and Ohio whose practice focuses on plaintiff's side labor and employment law. Critically, expert witnesses are prohibited from offering legal opinions or conclusions. Despite the foregoing, Mr. Stokar seeks to opine on the legal issue of whether Plaintiff engaged in "protected activity" by providing information in furtherance of claims brought under Title VII of the Civil Rights Act ("Title VII") or the Americans with Disabilities Act ("ADA"). He thus cites the applicable legal standards to the claims at issue in this case and concludes, based on his review of the facts, that Dr. DiChiara was engaged in "protected activity."

Mr. Stokar's legal conclusions do not stop there. He is also offering his opinions on the following issues: (1) whether St. Elizabeth and SEP complied with their obligations under Title VII and the ADA when instituting the COVID-19 vaccine mandate; (2) whether St. Elizabeth and SEP complied with their obligations under Title VII and the ADA when considering employee exemption requests; and (3) whether St. Elizabeth and SEP retaliated against Dr. DiChiara in violation of Title VII and the ADA.

Mr. Stokar's report is nothing more than an additional legal brief in support of Plaintiff's claims. His opinions will not help the trier of fact to understand the evidence or to determine a fact at issue. Instead, the legal conclusions that he is offering would only, if anything, threaten to supplant (rather than assist) the jury's judgment in this case. As a result, Mr. Stokar's opinions and testimony are impermissible and should be excluded.

## RELEVANT BACKGROUND[1]

On February 8, 2024, Plaintiff identified Mr. Stokar as an expert witness and submitted his "Expert Report" to Defendants. (*See* "Stokar Report", attached as **Exhibit A**). In the report, Mr. Stokar cites applicable legal standards to the claims at issue in this case and arrives at several legal conclusions. For example, Mr. Stokar identifies Dr. DiChiara as a "putative class member," and alleges that Dr. DiChiara provided certain documents and emails to legal counsel "as part of her participation in the *Beckerich* matter." (Id., p. 4). Mr. Stokar goes on to state that Dr. DiChiara "was participating in an investigation and/or proceeding related to alleged violations of Title VII and/or the Americans with Disabilities Act." (Id., p. 5). And he repeats this legal conclusion throughout his report. (Id. at pp. 9, 10, 14, and 15).

---

[1] Defendants set forth the relevant facts of this case in their Motion for Summary Judgment being filed concurrently herewith, and they expressly incorporate those facts herein by reference.

Mr. Stokar also offers several other legal conclusions.  For example, he concludes, after reciting the elements necessary to establish a prima facie case of Title VII discrimination, that the Plaintiffs in the *Beckerich* matter would meet those elements.  (*Id.* at p. 8)  He then includes similar conclusions related to whether an accommodation would pose an "undue hardship" to St. Elizabeth and SEP, and whether St. Elizabeth and SEP failed to offer a reasonable accommodation as required by the ADA.

Plaintiff seeks to present Mr. Stokar's report and testimony to support her claims. However, an expert witness cannot state legal conclusions based on the individual facts of a case. If Mr. Stokar was permitted to testify, it would essentially allow Plaintiff to place a legal advocate on the witness stand to tell the jury, and the Court, how to apply the law to the facts of this case, and what conclusion to reach.  Accordingly, Defendants request that this Court grant their Motion and exclude Mr. Stokar's opinions and testimony.

## **LEGAL STANDARD**

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which reads:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

The trial court has an obligation to exclude expert testimony that is irrelevant or unreliable. *Conwood Co., L.P. v. U.S. Tobacco Co.*, 290 F.3d 768, 792 (6th Cir. 2002).  Thus, the trial court must determine whether the expert testimony in question "rests on a reliable foundation and is relevant to the task at hand."  *Daubert v. Merrell Dow Pharmaceutical, Inc.*, 509 U.S. 579, 597

(1993).  The proposed expert testimony must be relevant, or "fit" the facts at issue.  *Daubert*, 509 U.S. at 591.  The party that proffers the expert testimony bears the burden to establish its admissibility by a preponderance of the evidence.  *Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 250-51 (6th Cir. 2001) (citing *Daubert*, 509 U.S. at 592, n. 10).

Moreover, it is well established that expert witnesses cannot state legal conclusions based on the individual facts of the case.  The Sixth Circuit has explained as follows:

> [A]n expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts.  Expert testimony on the law is excluded because the trial judge does not need the judgment of witnesses.

*United States v. Gordon*, 493 Fed. Appx. 617, 627 (6th Cir. 2012) (internal citations omitted) (holding that district court did not err in excluding proposed expert testimony that "essentially sought to introduce legal conclusions about materiality in the guise of expert testimony").  Thus, expert testimony that reaches a legal conclusion (and therefore "does little more than tell the jury what result to reach") has no legitimate purpose and should be excluded.  *Woods v. Lecureux*, 220 F.3d 1215, 1220 (6th Cir. 1997).

## **ARGUMENT**

As stated, Mr. Stokar's report is replete with legal conclusions.  He first cites to the legal standards applicable to claims under Title VII and the ADA.  (Ex. A, pp. 8, 11)  Next, he applies the cited legal standards to the facts of both the *Beckerich* case and the facts at issue in this litigation.  (Id., pp. 9-10)  And then, he repeats the same legal conclusion throughout – that the actions of Dr. DiChiara constituted "protected activity" under Title VII.  (Id., pp. 9, 10, 14, 15)  As a starting point, whether Dr. DiChiara's conduct constituted "protected activity," which Defendants expressly deny, is a question of law for this Court to decide.  *See Payne v. WS Servs., LLC*, 216 F. Supp. 3d 1304, 1315-16 (W.D. Okla. 2016) ("The determination as to whether the

4

conduct is protected activity is a question of law because it relies on an interpretation of Title VII.").

Moreover, courts within the Sixth Circuit have consistently excluded testimony similar to the opinions that Mr. Stokar is offering in this case. *See Killion v. KeHE Distribs., LLC*, 761 F.3d 574, 592 (6th Cir. 2014) (affirming district court's exclusion of expert witness's report because the report contained a recitation of legal principles and read as a legal brief); *Hyland v. HomeServices of America, Inc.*, 771 F.3d 310, 322 (6th Cir. 2014) (affirming district court's exclusion of expert testimony that called for a legal conclusion); *Niblock v. Univ. of Ky.*, 2023 2023 WL 4842315, *1 (E.D. Ky. July 28, 2023) (excluding proffered expert witness because testimony amounted to "impermissible legal conclusions" on the ultimate issue in the case – whether the defendant was in compliance with Title IX).

In *Niblock*, the plaintiffs filed Title IX claims against the defendant university, alleging that the defendant's varsity sports offerings at the time did not fully and effectively accommodate the interests and abilities of its female students. *Id.* The proffered expert's report and testimony showed that she would opine on five basic questions, which centered on the defendant's compliance with Title IX and whether certain students should count for "athletic participation" as defined under Title IX. *Id.* at **2-3. The Court held that these proposed opinions constituted impermissible legal conclusions. *Id.* In doing so, it noted that in her report and testimony, the expert merely compared what the defendant had done to what Title IX required, and it explained that these opinions were improper:

> This constitutes nothing more than applying the facts to the law, which crosses the line of impermissibility opining on the question of liability. [The expert] cannot interpret what Title IX means, nor can she seek to interpret the law as applied to [the defendant's] practices.

*Id.* at *2. Thus, the Court granted the defendant's motion to exclude the testimony of the plaintiffs' proffered expert.

Similarly, in *Killion*, the Sixth Circuit affirmed a district court's exclusion of an expert witness' report because the report read as a legal brief. 761 F.3d at 592. It explained that "among the report's contests is the recitation of legal principles, which is not appropriate expert testimony." *Id.* at 593. Even though the report contained some permissible conclusions, it also contained legal conclusions and improper legal definitions that attempted to define terms central to the legal claims at issue. *Id.* The expert's inclusion of these legal conclusions were sufficient for the Sixth Circuit to conclude that the district court properly excluded the expert's report. *Id.*

It should also be noted that courts outside of the Sixth Circuit have adopted the same approach in excluding the opinions of proffered attorney expert witnesses. For example, in *Bley v. Indep. Sch. Dist. No. I-002 of Okla. Cnty.*, 2023 WL 3608909 (W.D. Okla. May 9, 2023), the district court excluded the proffered expert testimony of an attorney experienced in ADA and FMLA cases because the attorney expert was making impermissible and unreliable legal conclusions. The attorney expert's report opined that the defendant's accommodation process was not compliant with the ADA, that it engaged in the wrong disability analysis under the ADA, that it would not have suffered undue hardship by suffering the request, and that it failed to comply with the FMLA. *Id.* at *2. In excluding these opinions in their entirety, the court noted the concerns associated with having an attorney serve as an expert:

> When an attorney testifies as an expert witness, there is a substantial danger the jury will simply adopt the expert's conclusions rather than making its own decision.

*Id.* (internal quotation marks omitted). Because the attorney expert's report contained legal conclusions that would "supplant, rather than assist, the jury's judgment," they were impermissible. *See also Wichansky v. Zowine*, 2016 WL 6818945, *6 (D. Ariz. Mar. 22, 2016)

(excluding attorney expert witness because her report simply applied the law to the facts of the case, which constituted impermissible legal expert testimony and invaded the province of the jury); *Corinth Investor Holdings, LLC v. Evanston Ins. Co.*, 2014 WL 7146040, \*\*4-5 (E.D. Tex. Dec. 15, 2014) (striking report of attorney expert witness because it contained legal arguments and analysis that the court would expect attorneys for the party to make, such as the applicable law and relevant facts that should apply in the case).

The rationale used to exclude improper expert testimony in the above cases is equally applicable to the opinions that Mr. Stokar is attempting to offer in this case. His testimony will not aid the jury in understanding the evidence or determining a fact at issue. Rather, its sole purpose is to instruct the jury, and the Court, how to rule in this case, and therefore should be excluded. *See Hyland v. HomeServices of America, Inc.*, 771 F.3d 310, 322 (6th Cir. 2014) (explaining that "a witness may not testify to a legal conclusion."); *Filing v. Phipps*, 503 Fed. Appx. 297, 300 (6th Cir. 2012) (affirming district court's exclusion of an attorney expert witness because his report was based on a legal opinion, not an expert one); and *Woods v. Lecureux*, 110 F.3d 1215, 1220 (6th Cir. 1997) (holding that "testimony offering nothing more than a legal conclusion – i.e., testimony that does little more than tell the jury what result to reach – is properly excludable" under Rule 702).

## **CONCLUSION**

As shown above, the opinions Mr. Stokar seeks to offer in this case are wholly improper. The Defendants therefore respectfully request that the Court exclude Mr. Stokar's opinions in their entirety and prohibit him from testifying at trial.

Respectfully submitted,

/s/ Mark D. Guilfoyle
Mark D. Guilfoyle (KBA #27625)
Nicholas C. Birkenhauer (KBA #91901)
DRESSMAN BENZINGER LAVELLE PSC
109 East Fourth Street
Covington, Kentucky 41011
(859) 341-1881
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 6th day of September, 2024, via the Court's electronic filing system, upon the following:

Christopher Wiest
CHRIS WIEST, ATTY AT LAW, PLLC
25 Town Center Blvd., Suite 104
Crestview Hills, KY 41017
chris@cwiestlaw.com

Thomas B. Bruns, Esq.
BRUNS, CONNELL, VOLLMER, ARMSTRONG
4555 Lake Forrest Drive, Suite 330
Cincinnati, Ohio 45242
tbruns@bcvalaw.com

/s/ Mark D. Guilfoyle
Mark D. Guilfoyle

1523849.1