IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| DR. AMY DICHIARA | : | |
| Plaintiff, | : | Case No. 2:22-cv-00111-DLB |
| v. | : | Judge David L. Bunning |
| SUMMIT MEDICAL GROUP, INC., et al. | : | |
| Defendants. | : | |

### DECLARATION OF MATT GRUNKEMEYER, M.D.

Pursuant to 28 U.S.C. §1746, the undersigned, Matt Grunkemeyer, M.D., makes the following declaration, under penalty of perjury under the laws of the United States of America, that the facts contained herein are true and correct to the best of my knowledge and belief and that such facts are made based on my personal knowledge:

1. My name is Matt Grunkemeyer, M.D., and I am a physician employed by OrthoCincy. At all times relevant hereto, I have privileges at St. Elizabeth Medical Center, Inc. (hereinafter "SEH").  I am licensed to practice medicine in the Commonwealth of Kentucky.

2. In August, 2021, I was informed of a vaccination requirement imposed by SEH for COVID-19.

3. I had sincerely held religious beliefs that precluded vaccination for COVID-19, and was concerned from the outset that SEH may not appropriately handle exemptions.

4. I obtained legal advice from the Deters law firm, Dominick Romeo, Esq., and its spokesperson, Eric Deters, concerning rights and privileges under Title VII related to religious accommodation processing.

1

5. I was aware that the Deters law firm was going to be filing a lawsuit under Title VII and the Americans with Disabilities Act, related to religious and medical exemption processing, and against Summit Medical Group, Inc. d/b/a St. Elizabeth Physicians, and SEH in late August, 2021.

6. As an affected person related to accommodations, and in light of advice I had received from the Deters firm, Mr. Romeo, and Mr. Eric Deters, I viewed myself as a client of that firm and its attorneys.

7. I discussed this with Dr. Amy DiChiara, and encouraged her in late August, 2021, to provide documents relevant to Title VII and the ADA to Mr. Romeo, Mr. Deters, and the Deters firm, including her communications with Garren Colvin and Dr. Robert Prichard, because vaccine efficacy was directly related to accommodation processing and undue burden under Title VII and the ADA, as I understood it, and as Mr. Romeo explained it to me.

8. I did this, in part, because no one had heard of any exemptions being granted in late August, 2021, despite having submitted exemption requests for religious beliefs.

9. I told Dr. DiChiara to copy me on these communications, because I was assisting Mr. Romeo, Mr. Deters, and the Deters firm in their lawsuits to prosecute Title VII and the ADA, including in addressing the lack of any burden to accommodate people in light of the fact that I was a member of the putative class, because we had a common interest in the advice at issue, and I offered to provide medical testimony in support of the Title VII and ADA claims in that regard, and Mr. Romeo was consulting with me on medical issues involving the vaccine mandate.

10. In fact, Mr. Romeo and Mr. Deters asked me to attend, and I attended, the preliminary injunction hearing in the *Beckerich* matter and expected to testify as an expert witness on behalf of the Plaintiffs in that matter. I had agreed prior to the filing of the *Beckerich* lawsuit to serve as an expert witness for the Plaintiffs in those lawsuits.

11. Dr. DiChiara and I had a common interest in advice from the Deters law firm and in our communications with that firm, because we were both members of the class in the Beckerich lawsuit, and we both were receiving advice on religious accommodation submission and processing from the Deters firm. I viewed us as being commonly represented by the Deters firm and I viewed litigation between us and SEH and SEP as likely in late August, 2021, particularly since class action litigation was filed. Moreover, Dr. DiChiara and I shared a common legal interest in religious accommodation advice and in ensuring that our accommodation requests were granted, including through legal action if necessary, and we shared legal advice regarding that interest.

12. I considered the emails that Dr. DiChiara sent to Eric Deters in late August, 2021, that I was copied on, as attorney-client privileged, particularly given Dr. DiChiara's repeated requests to the Deters firm to keep those emails confidential.

Pursuant to 28 U.S.C. §1746, I declare under penalties of perjury under the laws of the United States of America that the foregoing Declaration is true and correct to the best of my knowledge and belief and that such facts are made based on my personal knowledge.

Executed on September 4, 2024.

_Matthew S. Grunkemeyer_
Matthew Grunkemeyer, M.D.