IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| DR. AMY DICHIARA | : | |
| | : | |
| Plaintiff, | : | Case No. 2:22-cv-00111-DLB-EBA |
| | : | |
| v. | : | Judge David L. Bunning |
| | : | |
| SUMMIT MEDICAL GROUP, INC., et al. | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE DECLARATION OF ROBB STOKAR, ESQ.**

Come now the Defendants, Summit Medical Group, Inc. d/b/a St. Elizabeth Physicians ("SEP"); Saint Elizabeth Medical Center, Inc. d/b/a St. Elizabeth Healthcare ("St. Elizabeth"); Dr. Robert Prichard; and Garren Colvin (collectively referred to as "Defendants"), by and through counsel, and for their Reply Memorandum in Support of their Motion to Strike the Declaration of Robb Stokar, Esq., attached to Plaintiff's Motion for Partial Summary Judgment as Exhibit 2, state as follows:

On September 27, 2024, Plaintiff filed a response in opposition to Defendants' Motion to Exclude the Testimony and Opinions of Robb Stokar, Esq.  Three days later, Plaintiff filed an identical response, this time in opposition to Defendants' Motion to Strike.  (Compare Doc. Nos. 56 and 60)  For the sake of brevity, the relevant arguments and legal standards set forth in Defendants' Reply Memorandum in Support of their Motion to Exclude the Testimony and Opinions of Robb Stokar, Esq. (Doc. No. 63), are expressly incorporated herein by reference.

Of particular note, Plaintiff continues to argue that Mr. Stokar "is not opining on whether Dr. DiChiara in fact engaged in protected activity."  (Doc. No. 60, Page ID# 3402)  A cursory

review of Mr. Stokar's three-page Declaration quickly dispels that notion. Indeed, Mr. Stokar expressly states as follows in his Declaration:

> That is why I have no difficulty in determining that **Dr. DiChiara engaged in activity that is protected by both the opposition and participation clauses in Title VII and ADA anti-retaliation provisions**[.]

(Doc. 53-2, Page ID# 3270, ¶ 7) (emphasis added). Thus, it could not be more clear. Mr. Stokar intends to opine that Plaintiff engaged in protected activity. Such testimony is wholly improper. *See, e.g.*, *United States v. Gordon*, 493 Fed. Appx. 617, 627 (6th Cir. 2012) ("Expert testimony on the law is excluded because the trial judge does not need the judgment of witnesses."); *Woods v. Lecureux*, 110 F.3d 1215, 1220 (6th Cir. 1997) ("[T]estimony offering nothing more than a legal conclusion – i.e., testimony that does little more than tell the jury what result to reach – is properly excludable under the Rules.").

Plaintiff also continues to argue that Mr. Stokar's opinions will somehow prove that Dr. DiChiara "reasonably believed" that the documents she was providing to Mr. Deters were relevant to Title VII and ADA claims. This argument is puzzling. Regardless of how Mr. Stokar himself would typically handle a Title VII or ADA claim, Mr. Stokar cannot impute knowledge of that process to Dr. DiChiara. This process is entirely irrelevant when considering Dr. DiChiara's state of mind at the time she sent documents to Mr. Deters, which reference neither Title VII nor the ADA.[1] The jury therefore could not consider how Mr. Stokar would evaluate these types of claims. *See Gott v. Coleman*, 2016 WL 6080161, *2 (N.D. Ohio Oct. 18, 2016) (affirming trial court's decision to exclude expert testimony regarding whether the petitioner had a "reasonable belief" of

---

[1] In reality, Mr. Stokar's explanation of his own independent "process," is nothing more than an attempt by Plaintiff to bolster her own Title VII and ADA claims. Dr. DiChiara is thus seeking to introduce another attorney's conclusions, under the guise of expert testimony, as to whether she participated in the *Beckerich* matter.

2

imminent harm, explaining such an opinion "was a matter for the jury to consider, as it lies within common knowledge and does not require any scientific explanation").

Finally, Plaintiff argues that Mr. Stokar's opinions are simply meant assist the jury in understanding a complex legal regime. (Doc. No. 60, Page ID# 3408) But Plaintiffs Title VII and ADA claims do not involve complex legal issues. Rather, as noted by Mr. Stokar himself, "the issues in such cases are generally limited." (Doc. No. 53-2, Page ID# 3269, ¶ 5) Accordingly, Title VII and ADA claims are routinely tried in front of juries without expert attorney witnesses, as they can be decided based on the jurors' common sense and without a third-party witness explaining the legal standards and issues. *See United States v. Watkins*, 66 F.4th 1179, 1185 (8th Cir. 2023) ("When a layperson juror would be able to make a common sense determination of the issue without the technical aid of such an expert, the expert testimony should be excluded as superfluous.").

Mr. Stokar cannot be permitted to usurp the role of the Court in determining the legal questions at issue, nor should he be permitted to offer legal opinions that supplant the jury's judgment of the facts. Defendants therefore respectfully request that the Court strike Mr. Stokar's Declaration filed in support of Plaintiff's Motion for Partial Summary Judgment.

    Respectfully submitted,

/s/ Mark D. Guilfoyle
Mark D. Guilfoyle (KBA #27625)
Nicholas C. Birkenhauer (KBA #91901)
DRESSMAN BENZINGER LAVELLE PSC
109 East Fourth Street
Covington, Kentucky 41011
(859) 341-1881
*Counsel for Defendants*

3

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served this 14th day of October, 2024, via the Court's electronic filing system, upon the following:

Christopher Wiest
CHRIS WIEST, ATTY AT LAW, PLLC
25 Town Center Blvd., Suite 104
Crestview Hills, KY  41017
chris@cwiestlaw.com

Thomas B. Bruns, Esq.
BRUNS, CONNELL, VOLLMER, ARMSTRONG
4555 Lake Forrest Drive, Suite 330
Cincinnati, Ohio 45242
tbruns@bcvalaw.com

                                                 /s/ Mark D. Guilfoyle
                                                 Mark D. Guilfoyle